```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ERNEST VEREEN, JR.,

v.                                  Case No. 8:15-cr-474-VMC-JSS
                                             8:21-cv-1883-VMC-JSS

UNITED STATES OF AMERICA.

_____/

**ORDER**

This cause is before the Court on Ernest Vereen, Jr.'s pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 181). The government filed a response in opposition and Vereen filed a reply. (Civ. Doc. ## 3, 6). For the reasons explained below, the Motion is denied.

I.  **Background**

In March 2017, this Court sentenced Vereen to 293 months' imprisonment after he was adjudicated guilty of being a felon in possession of a firearm. (Crim. Doc. # 153). Vereen filed a direct appeal, and his conviction and sentence were affirmed. (Crim. Doc. # 168).

On March 1, 2021, Vereen filed his first 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Crim. Doc. # 175). In that Motion, Vereen advanced four grounds for

1

post-conviction relief, all based on ineffective assistance of counsel. (Id.). After carefully considering each of these grounds – as well as new arguments that Vereen raised in his reply brief – this Court denied Vereen's first Section 2255 Motion on the merits on July 26, 2021. (Crim. Doc. # 179).

On June 28, 2021,[1] Vereen filed the instant "Request[] for a Civil Complaint," which the Court construes as a second Section 2255 Motion because he is attacking the legality of his underlying conviction and sentence. The Motion has been fully briefed (Civ. Doc. ## 1, 3, 6) and is ripe for review.

**II. Discussion**

To the extent Vereen purports to bring this Motion under Federal Rule of Civil Procedure 3, it is well settled that Section 2255 provides the "exclusive mechanism" for a federal prisoner seeking collateral relief. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017). Turning to that statute, it provides that prisoners generally only get one Section 2255 motion and that any second or successive motion must first be certified by the court of appeals. 28 U.S.C. § 2255(h); see also Harris v.

---

[1] The Court considers submissions by pro se prisoners like Vereen as filed on the date they are signed and deposited into the prison mail system.

United States, 815 F. App'x 497, 498 (11th Cir. 2020)(explaining that "a prisoner is generally entitled to file only one [Section] 2255 motion [and] [w]hen a prisoner has previously filed a [Section] 2255 motion, he must apply for and receive permission from the appellate court before filing a second or successive [Section] 2255 motion"). Absent the appellate court's permission, the district court lacks jurisdiction to address the motion, and it must be dismissed. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

Here, the Court views the current Motion filed by Vereen in late June 2021 as a second or successive Section 2255 Motion, separate and apart from his first Section 2255 Motion – they were filed months apart and raise different claims. Vereen failed to obtain permission from the Court of Appeals for the Eleventh Circuit before filing his present motion. Further, Vereen's present claims do not address any alleged defect in the integrity of his first Section 2255 proceedings, but instead attempt to litigate claims regarding his trial and sentencing. Challenging a conviction or sentence a second time, without approval from an appellate court, is prohibited. Therefore, the Court agrees with the government that Vereen's motion is an unauthorized Section 2255 motion.

3

The Court is thus without jurisdiction to address the Motion. See Holt, 417 F.3d at 1175.

Even if the Court were to, alternatively, view Vereen's current submission as an attempt to amend his first Section 2255 Motion, his arguments are without merit. In his current submission, Vereen argues that: (1) the firearm found in his mailbox never affected commerce; (2) he lacked any criminal intent, because he intended to give the firearm to the police and that the Court should have instructed the jury that this was an affirmative defense; (3) the government failed to prove that his prior aggravated battery convictions qualified as violent felonies under the ACCA; (4) his attorney failed to adequately challenge the government's investigative procedures and evidence; and (5) the Court sentenced him "vindictively with extreme prejudice," and committed "liable defamation of character" against him by characterizing him a sex offender of women and children. See (Civ. Doc. # 1).

Vereen could have raised four of these five arguments in his direct appeal, yet he did not. Courts have consistently held that a collateral challenge is not a substitute for direct appeal. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). In general, a defendant is required to assert all available claims on direct appeal, and "relief

4

under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quotation marks omitted). "Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." Id. at 1232–33 (internal citation omitted). Vereen offers no reason why he could not have raised these arguments pertaining to his conviction and sentence in his direct appeal. Thus, these claims are not cognizable on collateral review under Section 2255.

The Court now turns to the one arguably cognizable claim raised by Vereen – that his attorney failed to adequately challenge the government's investigative procedures and evidence. Claims of ineffective assistance of counsel are generally cognizable in a Section 2255 motion. Lynn, 365 F.3d at 1234 n.17. Specifically, Vereen argues that his attorney, Mark O'Brien, should have raised the points described above. Vereen does not explain why he did not raise these points in his first Section 2255 Motion and, in any event, this argument

5

is duplicative of the ineffective-assistance claims that he raised in his first Section 2255 Motion and that this Court rejected.

For example, Vereen in his current submission claims that Mr. O'Brien failed to challenge the government's evidence on the basis that he had no criminal intent when he went to retrieve the firearm from the mailbox, that the police seized a shotgun and bullets from Vereen's apartment through an "illegal search and seizure," and that Mr. O'Brien should have called a girlfriend who was willing to testify on Vereen's behalf. (Doc. # 1 at 7-10). In considering Vereen's first Section 2255 Motion, the Court addressed Vereen's arguments that counsel failed to conduct a pretrial investigation, failed to "file any motions," (i.e., the argument that Mr. O'Brien "could have filed a motion to suppress the shotgun and bullets"), that counsel should have called for a pre-trial exclusionary hearing for illegally obtained evidence, that Mr. O'Brien failed to investigate "how the firearm got put in the mailbox or why it was left there by officers of the law," and Vereen's contention that Mr. O'Brien should have investigated whether Vereen actually reached for the firearm after being approached by law enforcement. (Crim. Doc. # 179 at 10-13). The Court considered

6

and rejected these and other arguments after careful consideration of the facts and the law.

Finally, while Vereen filed another "request" for a "civil action" under Federal Rule of Civil Procedure 3 in the criminal case on August 30, 2022, this filing appears to be a copy of the document he filed in June. Thus, this "motion" will be denied as moot.

For these reasons, Vereen's second or successive Section 2255 Motion is due to be dismissed.

### III. Certificate of Appealability

Generally, an applicant cannot appeal a district court's denial of relief under Section 2255 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007), explains (in the context of an application for the writ of habeas corpus under Section 2254), a COA cannot issue in this action because the district court cannot entertain the motion to vacate to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter

7

>  jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

See United States v. Robinson, 579 F. App'x 739, 741 n.1 (11th Cir. 2014) (applying Williams in determining that the district court lacked jurisdiction to entertain an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

If, in the alternative, the appellate court views Vereen's current Motion as an attempt to amend and add claims to his first Section 2255 Motion, a COA is denied for the reasons explained in that order. See (Crim. Doc. # 179).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Ernest Vereen, Jr.'s pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence is **DENIED.** The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of March, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8