```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                      Case No.: 8:15-cr-474-VMC-JSS

ERNEST VEREEN, JR.

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Ernest Vereen, Jr.'s pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. # 186). The United States of America responded on October 17, 2024. (Doc. # 189). For the reasons set forth below, the Motion is denied.

**I.   Background**

In November 2015, a grand jury returned a one-count indictment charging Mr. Vereen with knowingly possessing a firearm in and affecting interstate commerce, after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Doc. # 1 at 1-2). In November 2016, following trial, the jury returned a guilty verdict. (Doc. # 108 at 1).

On March 10, 2017, the Court sentenced Mr. Vereen, who qualified as an Armed Career Criminal, to 293 months' imprisonment, followed by a term of five years' supervised

1

release. (Doc. ## 145, 149). Mr. Vereen is 47 years old, and his projected release date is July 15, 2037.[1]

Now, in the instant Motion, Mr. Vereen seeks compassionate release from prison under Section 3582(c)(1)(A). He argues — rather unclearly — that a variety of legal errors justify compassionate release. (Doc. # 186 at 5). The United States has responded (Doc. # 189), and the Motion is now ripe for review.

## II.  Discussion

The United States argues first that the Motion should be denied because Mr. Vereen has not established an extraordinary and compelling reason for compassionate release and, alternatively, that Mr. Vereen is a danger to others and the Section 3553(a) factors weigh against release. (Id.). The Court agrees.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Vereen relies on the "other reasons" category of extraordinary and compelling circumstances based on supposed legal errors in his conviction and sentence. (Doc. # 186 at 4-5). For example, he complains that he was arrested by state law enforcement but then convicted in federal court.

3

(Id. at 5). He also complains that a newspaper article about his conviction and sentencing "was used to make [him] look bad to society to justify" his sentence of 293 months. (Id.). Mr. Vereen has not established that any of the supposed issues with his sentence qualify as an extraordinary and compelling reason for compassionate release.

Even if he had established an extraordinary and compelling reason, compassionate release still would not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

Given the nature and circumstances of Mr. Vereen's offense of conviction and his criminal history, he poses a danger to the community if released and the Section 3553(a) factors weigh against release. Mr. Vereen was arrested in this case with a 9-millimeter, Smith & Wesson pistol in his back pocket, and a subsequent search of his residence revealed a black shotgun and a box of 9-millimeter ammunition. (Doc. # 189 at 1; Doc. # 156 at 147-49; Doc. # 137 at 4). His

4

possession of a firearm despite being a felon is a serious crime.

Furthermore, Mr. Vereen had multiple convictions prior to this case, which led to him being designated an Armed Career Criminal. These prior convictions include Child Abuse; Purchasing Marijuana; Aggravated Battery, Great Bodily Harm and Deadly Weapon; Aggravated Battery, Great Bodily Harm; Battery Domestic Violence, Second or Subsequent Offense; and False Imprisonment. (Doc. # 189 at 2; Doc. # 137; Doc. # 141). The United States has accurately described the details of Mr. Vereen's prior violent felonies:

> On one occasion, he hit his minor daughter across the face with his hand, beat her with a toy bat, then tied a sock around her face to get her to stop crying. On another occasion, he beat his significant other with his fists, his feet, the leg of a chair, and a crate while she was locked in a room. On yet another occasion, he held his significant other in a vehicle against her will, battering her, and leaving her skin cut and bruised. The defendant also repeatedly sexually violated a woman over a period of days, leaving her with a collapsed left lung, a bruised right lung, a broken jaw, a broken nose, a broken rib, and head injuries.

(Doc. # 189 at 2-3) (citations omitted); see also (Doc. # 137 at 7-13).

The Court is also troubled by Mr. Vereen's prison disciplinary record, which reveals that he has been

disciplined five times "for disruptive conduct, tattooing or self-mutilation, being insolent to a staff member, phone abuse-disrupt monitoring, and possessing a hazardous tool." (Doc. # 189 at 3; Doc. # 189-2). It is necessary that Mr. Vereen serve his entire sentence to protect the public, deter future crimes, and promote respect for the law. The Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ernest Vereen, Jr.'s pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 186) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of October, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE